**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **MARY ALICE PATILLO, Individually through her attorney in fact Cheryl Patillo Hawthorne,** | § § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 1:15-cv-00023** |
| **VS.** | § § | **JURY** |
| **CVS PHARMACY, INC. CVS PHARMACY, and PATRICIA OSEDUMME.** | § § § § | |
| **Defendants.** | § § | |

## CVS PHARMACY, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW CVS PHARMACY, INC., and files this Notice of Removal under 28 U.S.C. § 1446.

## I. Introduction

1.      Plaintiff is Mary Alice Patillo; Defendants are CVS Pharmacy, Inc., "CVS Pharmacy," and Patricia Osedumme.

2.      On December 29, 2014, Plaintiff sued Defendants in Cause No. 196546; *Mary Alice Patillo vs. CVS Pharmacy, Inc., et al.* in the 172nd Judicial District, Jefferson County, Texas. *See Plaintiff's Original Petition*, p. 1, attached as **Exhibit A**.

3.      This Removal is timely as Defendants filed it within 30 days of service of suit on the first non-fraudulently joined defendant in this controversy per 28 U.S.C. § 1446 and FRCP 6.

## II. Basis for Removal

4.      Removal is proper because there is complete diversity between the plaintiff and CVS Pharmacy, Inc., which is the sole defendant that both exists and has not been fraudulently joined, and because the actual amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

**A.      Complete Diversity of Citizenship Exists**

5.      Plaintiff alleges that she is a resident of Jefferson County, Texas. *See Plaintiff's Original Petition*, p. 1.

6.      Plaintiff correctly alleges that CVS Pharmacy, Inc. is a foreign entity.  *Id.*

7.      Complete diversity of citizenship exists between the plaintiff and the non-fraudulently joined defendant, CVS Pharmacy, Inc.:

a.      Plaintiff is a citizen of Texas;

b.      Defendant CVS Pharmacy, Inc. is not a citizen of Texas.  It is a Rhode Island corporation with its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895 and was not, at the commencement of this action or at any time thereafter, incorporated in the State of Texas. *See Certificate of Fact from the Secretary of the State of Texas,* attached as **Exhibit B.**  It is therefore a citizen of Rhode Island for purposes of diversity jurisdiction. 28 U.S.C. § 1441(c)(1);

c.   There is no such entity as "CVS Pharmacy." *See Declaration of Melanie Luker in Support of Removal,* attached as **Exhibit C**.   The entity that operated the CVS/pharmacy store at 3890 Phelan Boulevard, Beaumont, Texas 77707 at the time the Petition was filed was and is CVS Pharmacy, Inc.  *Id.*.; and,

d.   Putative defendant Patricia Osedumme has no involvement in the allegedly negligent acts contained in Plaintiff's Petition.  *See Declaration of Patricia Osedumme in Support of Removal,* attached as **Exhibit D**. Plaintiff cannot recover from Ms. Osedumme in state court, making her a fraudulently joined defendant whose presence cannot defeat diversity.  *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376-77 (5th Cir. 2006).

**B.   The Amount in Controversy Exceeds $75,000**

8.   Plaintiff "affirmatively pleads that she seeks monetary relief aggregating more than $100,000."  *See Plaintiff's Original Petition*, p. 1.  Also, she seeks to recover not only past alleged damages, but also for several damages she contends will continue to accrue in the future:

- "physical pain and suffering which she will endure for the remainder of her life…"  *Id.* at p. 4;

- "mental anguish of an almost incalculable nature including the obvious mental anguish which necessarily accompanied these serious injuries.  Plaintiff sues for recovery of damages herein for physical pain and suffering which she will endure for the remainder of her life…" *Id.*; and,

- "physical impairment she will suffer for the remainder of her life…" *Id.* at p. 5.

9.     Accordingly, it is apparent on the face of Plaintiff's *Petition* that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cr. 1998).   Although Plaintiff has deliberately failed to state the maximum amount of recovery that she seeks, as is required by Texas Rule of Civil Procedure 47, Plaintiff's pleadings demonstrate on their face that the matter in controversy between the parties exceeds $75,000, exclusive of interest and costs.  *See* Exhibit 1, generally.  *See also* Tex. R. Civ. P. 47; 28 U.S.C. § 1332(a).

10.     If the Court is not convinced that Plaintiff's *Petition* alleges damages in excess of the jurisdictional limits on its face, Defendant asks leave of the Court to conduct discovery permitted by law to support its assertion and require Plaintiff to establish as a matter of law that, if successful, he would not be able to recover more than $75,000.  *De Aguilar v. Boeing*, 47 F.3d 1404, 1410-11 (5th Cir. 1995).

## C.     Putative Defendant Patricia Osedumme is Fraudulently Joined

11.     Plaintiff's *Petition* names Patricia Osedumme individually.  *See Plaintiff's Original Petition.*  Plaintiff's Petition further alleges that "[o]n or about November 14, 2012, Defendant dispensed to Plaintiff metformin, a medicine used to reduce blood sugar, rather than the metoprolol succinate, a medicine used for blood pressure, prescribed by her physician." Plaintiff's *Petition* also attached discovery which makes repeated reference to an October 2012 metoprolol succinate prescription.  *See Plaintiff's Interrogatories to Defendants and Plaintiff's Request for Production to Defendants*, attached as **Exhibit E**.

12.     "If a non-diverse defendant has been improperly joined to an action, a party may remove the action "by showing (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003) (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).  To prove the second prong of the test, the moving party must show "that there is no possibility of recovery by the plaintiff" against the non-diverse defendant, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  A court may "pierce the pleadings" when assessing a claim of fraudulent joinder, and "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint." *Travis*, 326 F.3d at 648-49.

13.     Removal in this case is appropriate because the non-diverse defendant has been fraudulently joined. *See, e.g. Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.) (same), reh'g denied (Feb. 23, 1995); *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 719 (E.D. Tex. 2002).

14.     Plaintiff's sole allegation identifying Ms. Osedumme is to allege that Plaintiff was "under the care of Defendants CVS Pharmacy, Inc., CVS Pharmacy, and Patricia Osedumme (collectively referred to herein as "Defendants")".  *See* **Exhibit A**, p. 2. Plaintiff fails to state any facts supporting this sole allegation and makes no other factual allegation regarding Ms. Osedumme specifically. *See* **Exhibit A**, generally. Plaintiff does not allege that Ms. Osedumme

filled, verified or dispensed the prescription(s) at issue, and Ms. Osedumme denies having done in her federal Declaration.  *See* Exhibit D.

15.     Plaintiff's attempted fraudulent joinder of Patricia Osedumme fails because there is no reasonable basis for believing that Plaintiff could recover from Ms. Osedumme in state court.  *See Plaintiff's Original Petition*; *see also Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376-77 (5th Cir. 2006).

16.     Plaintiff cannot recover from Ms. Osedumme in state court because there can be no dispute that she did not verify or have any other involvement with the filling or dispensing of Plaintiff's metoprolol succinate that was allegedly mis-filled in either October or November 2012. *See* **Exhibit D**.   A pharmacy malpractice action under Texas law consists of three elements:  (1) a health care provider-patient relationship creating a legal duty, (2) a breach of that duty;  and  (3) damages  proximately  caused  by  the  breach.   *Hightower v. Baylor University Medical Center,* 251 S.W.3d 218 (Tex.Civ.App-Dallas-2008); *Gross v. Burt*, 149 S.W.3d 213, 221-22 (Tex.App.–Fort Worth 2004).   Accordingly, Plaintiff has no basis for believing that it could prove that Patricia Osedumme owed a legal duty to Plaintiff in relation to her allegedly misfilled metoprolol prescription in either October or November 2012, that she breached any such duty, or that she proximately caused Plaintiff's damages.  *See, e.g., Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004).

17.     Ms. Osedumme is not a defendant from whom plaintiff can recover and is, therefore, fraudulently joined.  *Larroquette*, 466 F.3d at 376-77

### D.  Procedure

18.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

19.     Ms. Osedumme is fraudulently joined and thus is her whose consent to removal is unnecessary.  *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379-80 (5th Cir. 2006).

20.     Certified copies of the pleadings asserting causes of action and any answer to same, as well as any,, and docket sheet, the process, orders and other filings in the state-court suit are attached to this notice per the local rules of the Court and 28 U.S.C. § 1446(a).

21.     CVS Pharmacy, Inc. filed a copy of this *Notice of Removal* with the state court clerk of the where the suit was pending contemporaneously with its filing of the *Notice* in federal court.

22.     CVS Pharmacy, Inc. requests a jury in this action.

## E.  Conclusion

23.     Because complete diversity of citizenship exists between Plaintiff and the non-fraudulently joined defendant and because Plaintiff's alleged damages exceed $75,000 exclusive of interest and costs, CVS Pharmacy, Inc. hereby notifies the Court of the removal of this suit to the Eastern District of Texas, Beaumont Division.

Respectfully submitted,

**FORMAN PERRY WATKINS
KRUTZ & TARDY LLP**

By: /s/ Roger Nebel                          
　　　　ROGER H. NEBEL
　　　　Lead Attorney
　　　　Federal No. 32458
　　　　State Bar No. 90001973
　　　　4900 Woodway Dr., Suite 940
　　　　Houston, Texas 77056
　　　　Telephone: (713) 402-1717
　　　　Facsimile:  (713) 621-6746
　　　　Email: houstoneservice@fpwk.com

John Robinson
State Bar No. 17097500
2001 Bryan, Suite 1300
Dallas, Texas 75201
Telephone: (214) 905-2924
Facsimile:  (214) 905-3976
Email: robinsonjr@fpwk.com

**ATTORNEYS FOR DEFENDANT
CVS PHARMACY, INC.**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing has been served on Plaintiff's counsel via PACER on January 15, 2015, in accordance with the Federal Rules of Civil Procedure.

/s/ Roger Nebel
Roger Nebel